**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Georgette Shorraw, | ) | Civil Action No. 4:13-01992-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Frederick J. Bell; St. Jude Medical S.C., | ) | **ORDER AND OPINION** |
| Inc. d/b/a Amplatzer Medical Sales | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     This matter is before the court pursuant to motions by Plaintiff Georgette Shorraw ("Plaintiff") and Defendant Frederick J. Bell ("Bell") to remand the case back to the Horry County (South Carolina) Court of Common Pleas. (ECF Nos. 7, 8.) Defendant St. Jude Medical S.C. Inc. d/b/a Amplatzer Medical Sales Corporation ("St. Jude") opposes both motions to remand. (ECF No. 11.) For the reasons set forth below, the court **DENIES** the motions to remand of Plaintiff and Bell.

## I.     RELEVANT BACKGROUND OF PENDING MOTIONS

     Plaintiff alleges that on January 4, 2013, she suffered injuries in a traffic accident while riding as a passenger in a car being driven by Bell. (ECF No. 1-3 at 8 ¶¶ 11-13.) On March 12, 2013, Plaintiff agreed to hold Bell harmless from personal liability for her damages in exchange for $100,000.00 pursuant to a "Limited Settlement Agreement and Covenant Not to Enforce Judgment" (the "Agreement"). (ECF No. 1-1.) On April 3, 2013, Plaintiff filed a summons and complaint against Bell and St. Jude in the Court of Common Pleas of Horry County, South Carolina. (See ECF No. 1-3 at 5-12.) In the complaint, Plaintiff alleged that she is a citizen of

the State of South Carolina; Bell is a citizen of the State of South Carolina; and St. Jude is incorporated in the State of Minnesota. (ECF No. 1-3 at 6 ¶¶ 1-3.)

St. Jude received a copy of the Agreement on or about June 25, 2013. (ECF No. 1 at 2 ¶ 4 (referencing ECF No. 1-1).) Thereafter, on July 19, 2013, St. Jude removed the case to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1446(b)(3). (ECF No. 1.) In the notice of removal, St. Jude asserted that there is complete diversity between it and Plaintiff. (ECF No. 1 at 5 ¶¶ 13-16.) St. Jude further asserted that Bell's presence as a defendant does not defeat diversity because he is a nominal defendant based on the following provisions of the Agreement:

> For the sole consideration of One Hundred Thousand and no/100 ($100,000.00), the undersigned does hereby covenant and agree to hold harmless Frederick Bell from any personal liability whatsoever as a result of the motor vehicle accident which occurred on or about January 4, 2013 in Myrtle Beach, SC, and covenants to, enforce any judgment of order [issued] in connection with the pending civil action or any other civil action thereafter filed, or any judgment duly entered as a result of said accident ONLY against Property & Casualty Insurance Company of Hartford and T[r]umbull Insurance Company, as the underinsured motorist carrier(s) for Georgette Shorraw or any other applicable underinsured motorist coverage which may apply to the injuries and damages incurred by the undersigned [Plaintiff], and [covenants] not to enforce any such judgment against Frederick Bell personally.

> In further consideration of the payment recited above, the undersigned hereby releases and forever discharges Property & Casualty Insurance Company of Hartford and its parent companies and subsidiaries, as liability insurer for Frederick Bell and agrees that she will not attempt to collect any sum from Frederick Bell or any other person who may allegedly qualify as an insured under the policy of insurance issued by Property & Casualty Insurance Company of Hartford or its parent companies or subsidiaries which provides coverage for the claims of the undersigned [Plaintiff] against Frederick Bell arising from the accident herein referenced. The undersigned [Plaintiff] further agrees that she will have any judgment he/she may obtain as a result of the accident immediately marked "paid" and "satisfied" after all available coverage, including under insured motorist coverage, has been obtained in full or partial satisfaction of the judgment.

(ECF No. 1-1 at 1.)

On August 5, 2013, Plaintiff moved to have the case remanded back to state court on the basis that the court lacks subject matter jurisdiction because complete diversity does not exist among the parties since Plaintiff and Bell are each citizens of South Carolina.  (ECF No. 7.)  On August 7, 2013, Bell filed a motion to remand, asserting that the case should be remanded because he does not consent to the removal and the court does not have jurisdiction over the matter.  (ECF No. 8.)  St. Jude filed opposition to both motions to remand on August 22, 2013, arguing that there is complete diversity between the parties establishing the court's jurisdiction because Bell is a nominal defendant and should not be considered for the purpose of determining diversity jurisdiction.  (ECF No. 11.)

## II.    LEGAL STANDARD AND ANALYSIS

The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b).  St. Jude relies on § 1446(b)(3), which states if a case is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  St. Jude contends that the Agreement, a copy of which it received on June 25, 2013, prompted the timely removal of this action on July 19, 2013, as the requirements of the diversity statute were not met until that time.  Plaintiff and Bell disagree with St. Jude that removal of this action was appropriate and have separately moved to remand the case back to state court.

A.    Removing Actions from State Court by way of Diversity Jurisdiction

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal district court has "original jurisdiction of all civil actions where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

In cases in which the district court's jurisdiction is based on diversity of citizenship, the privilege of removal is further limited in that a federal court may exercise jurisdiction only if no defendant is a citizen of the state where the action has been initiated. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Furthermore, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. See Auto Ins. Agency, Inc. v. Interstate Agency, Inc., 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

Removal requires the consent of all defendants, unless the defendant is a nominal party. See 28 U.S.C. § 1446(b)(2)(A); Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013). Moreover, in evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460–61 (1980). Whether a party is nominal for removal purposes depends on whether the party has an "immediately

4

apparent stake in the litigation either prior or subsequent to the act of removal." Hartford Fire Ins. Co., 736 F.3d at 260. "In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." Id.

B.     The Court's Review

St. Jude removed this case based on diversity jurisdiction, asserting that Bell was a nominal party. In opposing the pending motions to remand, St. Jude suggests that this matter is similar to another vehicular tort lawsuit, Owens v. Overstreet, C/A No. 1:10-00784, 2010 WL 4721709 (S.D. W. Va. Nov. 15, 2010). (ECF No. 1 at 7-9; ECF No. 11 at 5-6.) In Owens, the court identified four (4) factors that help courts determine whether a party is a real party in interest: (1) the level of control that the party retains over the litigation; (2) the weightiness of the party's interest in the litigation; (3) whether the party has retained counsel; and (4) whether the party has given a statement or a deposition. Id. at *3 (citation omitted). In reviewing these factors, the court in Owens determined its defendant was a nominal party for the following reasons:

> Based on the above-enumerated factors, the court finds that the Defendant Overstreet in this case is a nominal party. Defendant's level of control over the litigation appears to be minimal. The parties have submitted no evidence to suggest that Defendant has made any appearances in the proceedings, or that Defendant plans to make any in the future. Furthermore, Defendant has neither made a statement nor given a deposition. The Defendant's counsel is also the same as counsel for Zurich. This suggests that Defendant does not plan to retain a significant amount of individual control and latitude over litigation strategy; instead, it appears that Defendant is happy to share the decision-making with Zurich.
>
> Perhaps most importantly, Defendant does not face any financial liability in this lawsuit because of the settlement agreement that Plaintiff entered into with Defendant and Defendant's insurance company, Progressive. The settlement agreement unequivocally provides that Plaintiff may not enforce any judgment Plaintiff might secure against Defendant. This effectively leaves the Defendant judgment-proof and beyond Plaintiff's reach as far as financial liability is concerned.

Id.

Plaintiff does not specifically address the factors from <u>Owens</u>, but contends that the court should look to <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 65 (1996), for guidance.[1]  (ECF No. 7-1 at 4.)  Bell argues that the factors from <u>Owens</u> show that he is a real party in interest because he has retained counsel, brought a cross-claim against St. Jude, and "has a significant interest in the litigation for the injuries he sustained from the accident and to prove it was not his fault.  (ECF No. 8-1 at 7.)

Upon review, the court finds that Bell, like the defendant in <u>Owens</u>, does not face any financial liability in this lawsuit as a result of the Agreement.  In this regard, even though Bell has retained his own counsel and filed a cross-claim[2], the removal of financial liability from his litigation posture establishes that he does not "possess a sufficient stake in this proceeding to rise above the status of a nominal party."  <u>Hartford Fire Ins. Co.</u>, 736 F.3d at 261.  Therefore, the court concludes that Bell is a nominal party, which means that his consent was unnecessary for removal and his citizenship is not relevant in determining whether complete diversity exists.  As a result, complete diversity of citizenship does exist in this case.[3]  Furthermore, Plaintiff does not

---

[1] In <u>Caterpillar</u>, the Court held that because jurisdiction had been cured before trial commenced, jurisdiction was proper and the district court's erroneous denial of the motion to remand was not a sufficient error to warrant vacating the judgment.  <u>Caterpillar</u>, 519 U.S. at 73.  The court is not persuaded that <u>Caterpillar</u> has relevance to the adjudication of the pending motions to remand.

[2] Bell did not direct the court to any cases addressing the issue of whether a defendant who has settled with the plaintiff—but has cross claims against a co-defendant—remains a real party in interest for the purposes of 28 U.S.C. § 1446, and the court has failed independently to find any cases directly on point.  As a result, the court is convinced that the cross-claim factor is clearly outweighed by the removal of financial liability in the context of the nominal/real party analysis.

[3] The court notes that both St. Jude and Plaintiff refer to her motion pending in state court to add a second citizen of South Carolina, Scott Kramer, as a defendant by way of a motion to amend the complaint that was filed on July 8, 2013.  (See, e.g., ECF No. 7-1 at 5.)  The court has not considered Mr. Kramer's effect on the diversity jurisdiction analysis because he is not a party in this matter and Plaintiff's motion to amend is not pending in this court.  Moreover, the court is

dispute that the amount in controversy is greater than $75,000.00.  (See ECF No. 7-1 at 2.)

Accordingly, the court has diversity jurisdiction and must deny the pending motions to remand.

### III.  CONCLUSION

Based on the foregoing, the court hereby **DENIES** the motions to remand of Plaintiff Georgette Shorraw and Defendant Frederick J. Bell.  (ECF Nos. 7, 8.)

**IT IS SO ORDERED.**

United States District Judge

February 21, 2014
Florence, South Carolina

---

required to make an independent determination regarding the appropriateness of removal before it can resolve any pending motions.  See, e.g., 28 U.S.C. §§ 1446(c)(4), 1447(c).